[Cite as *State v. Stroub*, 2011-Ohio-169.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                          CASE NO. 16-10-02

    v.

EDWARD D. STROUB,                               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 09 CR 0032

**Judgment Affirmed**

Date of Decision: January 18, 2011

APPEARANCES:

    *Scott B. Johnson* for Appellant

    *Jonathan K. Miller* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Edward D. Stroub ("Stroub") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 29, 2009, the Wyandot County Grand Jury indicted Stroub on two counts of trafficking in a Schedule II controlled substance in violation of R.C. 2925.03(A)(1) with specifications that the sales occurred within the vicinity of a school and one count of trafficking in a Schedule III controlled substance in violation of R.C. 2925.03(A)(1) with a specification that the sale occurred within the vicinity of a school.[1] The arraignment was held on April 30, 2009, and Stroub entered pleas of not guilty to all counts. On March 30, 2010, Stroub entered into a plea agreement with the State. The plea agreement set forth the following conditions.

> **Defendant shall plead guilty to Count One of the Indictment (F4) [trafficking in Schedule II controlled substance]. The State will dismiss the School Specification to County One.**
>
> **The State will dismiss Count Two and the School Specification to County Two.**
>
> **The State will amend Count Three to less than the bulk amount. Defendant shall plead guilty to Count Three of the Indictment (F3) [trafficking in Schedule II controlled substance], as amended, and the School Specification to Count Three.**

---

[1] All three counts also contained criminal forfeiture specifications as well. Upon the State's motion, the trial court dismissed these specifications on March 23, 2010.

> **The State and Defendant will <u>jointly recommend</u> a basic prison term of twelve (12) months on Count One and a basic prison of (sic) two (2) years on Count Three, <u>consecutive</u> to each other.**

Agreement, 3. The trial court held a change of plea hearing and discussed the terms of the plea agreement with Stroub. Stroub then signed the agreement in open court and the trial court accepted the plea.

{¶3} On April 15, 2010, a sentencing hearing was held. The trial court sentenced Stroub to twelve months in prison for Count One and three years in prison for Count Three. The sentences were ordered to be served consecutively for a total sentence of four years. Stroub appeals the judgment and raises the following assignments of error.

### First Assignment of Error

> **The trial court erred in accepting [Stroub's] criminal rule waiver at the plea hearing in that it was not knowing and voluntary with respect to the school specification.**

### Second Assignment of Error

> **[Stroub's] conviction of trafficking with a school specification was not supported by the sufficiency of the evidence with respect to the school specification.**

### Third Assignment of Error

> **The counsel for [Stroub] provided ineffect (sic) assistance of counsel.**

{¶4}   Stroub alleges in his first assignment of error that his guilty plea was not knowingly and voluntarily entered.   Specifically, Stroub claims that his guilty plea to the school specification was not clear.

**(B)  Effect of guilty or no contest pleas.  With reference to the offense or offenses to which the plea is entered:**

**(1)  The plea of guilty is a complete admission of the defendant's guilt.**

**\* \* \***

**(C)  Pleas of guilty and no contest in felony cases.**

**\* \* \***

**(1)  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**

**(a)  Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing**

**(b)  Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c)  Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which**

**the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11.

**{¶5}** Here, Stroub claims that since he did not clearly enter a guilty plea to the school specification, the trial court erred in accepting his plea. A review of the record reveals the following dialogue between the trial court and Stroub.

> **The Court: All right. Mr. Stroub, as to the first aggravated trafficking in drugs charge that it's proposed you're going to plead to, tell me what your understanding of the penalty associated with this charge, what that is, the maximum penalty.**
>
> **The Defendant: I got it wrote – I got it wrote down here. Is that the third degree or the fourth degree?**
>
> **The Court: That would be the felony of the fourth degree.**
>
> **The Defendant: Yeah. I just started reading it. Is says that I can get up to a year, I think, eighteen months. I didn't read the rest of it. Yeah. Eighteen months is on that second sheet. Yeah. I seen (sic) that.**
>
> **The Court: And you could get a maximum fine of $5,000?**
>
> **The Defendant: Right.**
>
> **The Court: An also on the felony of the third degree that you are proposing to plead to, can you tell me what the maximum fine for that is?**
>
> **The Defendant: Up to ten thousand.**
>
> **The Court: And do you understand at least five thousand is mandatory?**
>
> **The Defendant: That's what it says, yeah.**

**The Court:  Can you tell me what the maximum time in prison is you could receive?**

**The Defendant:  It says five years.**

**The Court:  And you understand you could receive five years if you got the maximum penalty?**

**The Defendant:  That's what it says, yes.**

**\* \* \***

**The Court:  do you understand the nature of these charges and the possible defenses you might have to them?**

**The Defendant:  Yes.**

**The Court:  Are you entering this plea voluntarily and of your own free will?**

**The Defendant:  yes.**

**\* \* \***

**The Court:  Well, let's read the sentence recommendation.  It says, Defendant shall plead guilty to Count One in the indictment, F4.  The State will dismiss the school specification to Count One.  State will dismiss Count Two and the school specification to Count Two.  State will amend Count Three to less than the bulk amount.  Defendant shall plead guilty to Count Three of the indictment, an F3 as amended, *and the school specification to Count Three.***

**\* \* \***

**The Court:  Again, Mr. Stroub, are you entering this plea voluntarily?**

**The Defendant:  Yes.**

Case No. 16-10-02

**The Court:  You may sign the plea.**

March 30, 2010 Transcript, 5-14 (emphasis added).  Stroub then signed the plea

agreement in open court.  Although Stroub later questioned whether the school

was within 1,000 feet of his home, the State stated that GPS mapping was done

and Stroub's home was within the required distance for the specification.  Tr. 16.

The trial court then questioned Stroub as to whether he admitted the specification.

> **The Defendant:  If that's what they say.  I didn't measure it. I'm just going by what they're saying.**
>
> **The Court:  Well, I need to know you know what the amended indictment, what it accuses you of in Count One and in Count Three with the specification and you're admitting to those allegations.**
>
> **The Defendant:  I thought they was (sic) dropping that school specification.  Okay.  I thought they was (sic) dropping it.  Like I said, if they're saying it's within one thousand feet, I have no way of measuring it.**
>
> **The Court:  But what I'm saying is you're admitting to what you're accused of in the amended indictment in Count 1 and Count 3?**
>
> **The Defendant:  Yes.**

Tr. 17.  Despite the fact that Stroub stated that he did not know about the school

specification remaining for Count Three, a review of the record indicates that the

trial court informed him that the specification as to Count Three was remaining

and that Count Three would be an F3.  Thus the record supports a conclusion that

-7-

the guilty plea was knowingly and voluntarily entered. The first assignment of error is overruled.

{¶6} In his second assignment of error, Stroub argues that the school specification was not supported by sufficient evidence. Crim.R.11(B)(1) provides that a guilty plea is a complete admission of guilt. By entering a guilty plea, one waives the requirement that the State prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). The guilty plea itself provides all the necessary proof of the elements of the offense and is sufficient evidence to support the conviction. *State v. Fuller*, 12th Dist. No. CA2008-09-240, 2009-Ohio-5068, ¶105. Since Stroub entered a guilty plea to the offenses, including the school specification, he cannot now argue that the evidence is insufficient. Thus, the second assignment of error is overruled.

{¶7} Finally, Stroub claims that he was denied effective assistance of counsel. "Reversal of convictions on ineffective assistance requires the defendant to show 'first that counsel's performance was deficient and, second that the deficient performance prejudice the defense so as to deprive the defendant of a fair trial.'" *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, ¶105, 772 N.E.2d 81. The defendant must show that there was a reasonable probability that but for counsel's error, the result of the trial would have been different. Id. at ¶108.

{¶8} Stroub argues that counsel was ineffective for not speaking up at the change of plea hearing concerning the school specification and for not clarifying the State's sentencing memorandum. However, in both instances, the trial court was aware of the facts. The trial court specifically questioned Stroub about his plea to the school specification. As discussed above, Stroub voluntarily and knowingly entered his guilty plea. The trial court also heard Stroub's statement as to the involvement of the third party to the sales. The trial court acknowledged that Stroub had twice *facilitated* drug sales from his home near a school. Stroub has not indicated in any way how the alleged ineffectiveness of counsel prejudiced him. Without a showing of prejudice, the third assignment of error must be overruled.

{¶9} Having found no error prejudicial to Stroub, the judgment of the Court of Common Pleas of Wyandot County is affirmed.

*Judgment Affirmed*

**ROGERS P.J., and PRESTON, J., concur.**

**/jlr**