[Cite as *State v. Dalton*, 2012-Ohio-3386.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                              :
                                           :      Appellate Case No. 24953
        Plaintiff-Appellee                 :
                                           :      Trial Court Case No. 11-CR-747
v.                                         :
                                           :
ALVIS G. DALTON                            :      (Criminal Appeal from
                                           :       Common Pleas Court)
        Defendant-Appellant                :
                                           :
                      . . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O.
Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BYRON K. SHAW, Atty. Reg. #0073124, Law Office of Byron K. Shaw, 4800 Belmont
Place, Huber Heights, Ohio 45424
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Alvis G. Dalton was indicted on March 8, 2011 for one count of Possession of

Heroin in an amount of 10 grams or more, but less than 50 grams, a felony of the second

degree, and Assault on a Peace Officer (identified as a parole officer), a felony of the fourth degree.

{¶ 2}    A motion to suppress was filed on March 24, 2011 arguing that any statements made by the defendant were not constitutionally obtained. That motion was scheduled for a hearing on May 19, 2011. However, as confirmed by entry filed May 20, 2011, on May 19th, 2011, the defense made a request to withdraw the motion to suppress and that withdrawal request was approved by the court.

{¶ 3}    On September 9, 2011, a subsequent "B" indictment was filed charging the defendant with assault on an employee of the Ohio Department of Rehabilitation and Corrections [ODRC] while in the performance of his duties (the same parole officer regarding the same incident as in the original indictment.) The subsequent charge is a felony of the fifth degree.

{¶ 4}    On November 3, 2011, the defendant entered guilty pleas to the possession of heroin charge and the "B" indictment charge of assault on an ODRC employee. The fourth degree assault on a peace officer was dismissed. On December 1, 2012, Dalton was sentenced to prison for a mandatory four years on the possession charge and a concurrent 11 months on the assault charge.[1] Dalton appealed.

{¶ 5}    On February 23, 2012, Dalton's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any meritorious issues for our review. In the *Anders* brief, appellate counsel did

---

[1] Dalton simultaneously entered a guilty plea to one count of trafficking in heroin, a felony of the third degree, in case # 11-CR-959. That case is the subject of a separate appeal in case # CA 24952 pending before this court.

identify a potential issue as to whether the defendant's conviction was against the manifest weight of the evidence, even though he indicated he could not find meritorious issues.

{¶ 6} We notified appellant that his counsel had filed an *Anders* brief and offered appellant ample time to file a pro se brief. None has been received.

{¶ 7} With regard to the manifest weight of the evidence, the appellant's guilty plea left nothing for the State to prove because a guilty plea is a complete admission of guilt. Crim.R. 11(B)(1); *Huber Heights v. Duty*, 27 Ohio App.3d 244, 500 N.E.2d 339 (2d Dist. 1985). By entering a guilty plea, a defendant waives his right to present manifest-weight-of-the-evidence or sufficiency-of-the-evidence attacks against his convictions. *State v. Griggs*, 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51. We find this potential issue to be frivolous.

{¶ 8} Pursuant to *Anders v.California*, supra, we have conducted an independent review of the record to determine whether there are any potential assignments of error having arguable merit. We have not found any. Our review of the plea colloquy reveals the trial court scrupulously complied with Crim. R. 11 and determined that the pleas were knowingly and voluntarily made. Our review of the sentencing transcript and entry demonstrates the sentence is not contrary to law and is within the statutory range.

{¶ 9} After reviewing the entire record, we find no potential assignments of error having arguable merit, and this appeal is wholly frivolous. Accordingly, the judgment of the trial court is affirmed.

{¶ 10}                                        . . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Byron K. Shaw
Alvis G. Dalton
Hon. Mary L. Wiseman