[Cite as *State v. Dalton*, 2013-Ohio-3839.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                               :
                                            :        Appellate Case No. 24952
        Plaintiff-Appellee                  :
                                            :        Trial Court Case No. 11-CR-959/1
v.                                          :
                                            :
ALVIS G. DALTON                             :        (Criminal Appeal from
                                            :         Common Pleas Court)
        Defendant-Appellant                 :
                                            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of September, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOSHUA M. KIN, Atty. Reg. #0086965, Pickrel, Schaeffer & Ebeling, Co., 2700 Kettering Tower, Dayton Ohio 45423
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Alvis G. Dalton was indicted on July 1, 2011 on one count of trafficking in

heroin, in an amount equal to or exceeding fifty unit doses, but less than one-hundred unit doses, a third-degree felony, in trial court case number 11-CR-959/1, which is the subject of this appeal. A suppression motion was filed on August 24, 2011, and an evidentiary hearing was held thereon on October 13, 2011.

{¶ 2}  The underlying facts were presented at the suppression hearing. On January 6, 2011, detective Michael Fuller of the Dayton Police Department narcotics bureau was working undercover and driving an unmarked car. (Motion to Suppress T. at 6-7). A confidential informant was a passenger. Detective Fuller was making narcotics purchases from a drug-trafficking organization that was using a "money phone" and the phone name of "Sonny." (*Id*. at 7). Fuller described a "money phone" as a cellular phone used only for drug transactions by several individuals, all of whom would use the phone name. (*Id*. at 7-8). Fuller called the phone and arranged to purchase a quantity of heroin. (*Id*. at 8). A meeting was set up at approximately 2:00 p.m. in an alley off of West Second Street in Dayton. (*Id*. at 9). At the location, defendant Dalton and another man approached Fuller's car from the rear. (*Id*.). Dalton approached the driver's window, "so [Fuller] handed him $600 and he handed [Fuller] a large baggie of heroin-filled gel caps. Ultimately, it was 71 or 72 gel caps." (*Id*. at 10). Dalton walked away with  the other individual, and they briefly met a third person at the mouth of the alley before going their separate ways. (*Id*. at 12). Dalton soon was apprehended by other undercover detectives who were in the area monitoring Fuller with wireless listening devices. (*Id*. at 11). Dalton had $447 of marked buy money on him when arrested. (*Id*. at 11, 22). After hearing the evidence presented, the trial court found an adequate basis for Dalton's arrest and overruled the suppression motion.

{¶ 3}   Dalton also had a pending indictment in trial court case number 11-CR-747, which included charges for possession of heroin in an amount of ten grams or more, but less than fifty grams, a second-degree felony, and assault on a peace officer (identified as a parole officer), a fourth-degree felony. On November 3, 2011, Dalton simultaneously entered guilty pleas to the trafficking charge in case number 11-CR-959/1 and the two identified charges in case number 11-CR-747. On December 1, 2011, he was sentenced to prison for a mandatory four years on the second-degree felony possession charge and a concurrent eleven months on the assault charge. On the third-degree trafficking charge, he was sentenced to serve three years in prison concurrently with the four-year sentence for the second-degree possession charge.

{¶ 4}   Dalton separately appealed case number 11-CR-747, and that appeal was docketed as appellate case number CA 24953. In that case, Dalton's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In a July 26, 2012 opinion disposing of the appeal, we stated:

> Pursuant to *Anders v.California*, supra, we have conducted an independent review of the record to determine whether there are any potential assignments of error having arguable merit. We have not found any. Our review of the plea colloquy reveals the trial court scrupulously complied with Crim. R. 11 and determined that the pleas were knowingly and voluntarily made. Our review of the sentencing transcript and entry demonstrates the sentence is not contrary to law and is within the statutory range.

*State v. Dalton*, 2d Dist. Montgomery No. 24953, 2012-Ohio-3386, ¶ 8.

{¶ 5}   Dalton's separate appeal in this case languished, in part because his original appellate counsel assigned as error that the conviction and sentence were against the weight of

the evidence. We repeatedly have stated, including in Dalton's companion appeal, that "[b]y entering a guilty plea, a defendant waives his right to present manifest-weight-of-the-evidence or sufficiency-of-the-evidence attacks against his convictions." *Id.* at ¶ 7, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51. However, in the companion appeal there had not been any evidentiary hearing on a suppression motion, so we disposed of that case as submitted. In this case (CA 24952), where there had been an evidentiary hearing on a motion to suppress, we determined that Dalton had not received effective assistance of appellate counsel. We removed his appointed counsel and appointed new appellate counsel.

{¶ 6}  On June 13, 2013, Dalton's new appellate counsel filed a brief pursuant to *Anders*, asserting the absence of any meritorious issues for our review. In the *Anders* brief, appellate counsel did identify a potential issue as to whether the defendant's guilty plea complied with Crim. R. 11 to ensure that the plea was made knowingly and voluntarily. Counsel indicated, however, that he did not find any meritorious issues. We notified Dalton of the *Anders* filing and offered him ample time to file a pro se brief. None has been received.

{¶ 7}  As we indicated in the companion appeal, which dealt with a simultaneous plea colloquy, the trial court "scrupulously" followed Crim R. 11 and the pleas were knowing and voluntary. Nonetheless, we have again completely reviewed the transcript and reach the same conclusion here. We also note that at the time of the plea, the court specifically asked Dalton if he understood that by entering a plea he was giving up his right to appeal any pre-trial rulings. He stated that he did. Accordingly, the potential issue raised by counsel lacks arguable merit.

{¶ 8}  Pursuant to *Anders*, we also have conducted an independent review of the record, including the evidentiary hearing on the suppression motion, to determine whether there

are any potential assignments of error having arguable merit. Finding none, we conclude that this appeal is wholly frivolous. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Joshua M. Kin
Alvis G. Dalton
Hon. Mary L. Wiseman