[Cite as *State v. Gray*, 2015-Ohio-3174.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-01-004 |
| | : | O P I N I O N<br>8/10/2015 |
| - vs - | : | |
| | : | |
| TIMOTHY MATTHEW GRAY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2014-2167

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Timothy J. Kelly, 108 South High Street, P.O. Box 467, Mt. Orab, Ohio 45154, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Timothy Matthew Gray, appeals from his conviction in the Brown County Court of Common Pleas after a jury found him guilty of theft, receiving stolen property, identity fraud and forgery. For the reasons outlined below, we affirm.

{¶ 2} On August 21, 2014, the Brown County Grand Jury returned an indictment charging Gray with one count of theft in violation of R.C. 2913.02(A)(1), one count of

receiving stolen property in violation of R.C. 2913.51(A), one count of identity fraud in violation of R.C. 2913.49(B)(1), one count of identity fraud in violation of R.C. 2913.49(B)(2), and one count of forgery in violation of R.C. 2913.31(A)(2), all fifth-degree felonies.

{¶ 3} According to the bill of particulars, the receiving stolen property and theft charges stemmed from allegations that Gray stole fencing supplies belonging to John Skinner that he then sold for scrap with his co-defendant, Erik Beckelhymer. The stolen property involved included approximately 350 steel posts, 100 feet of electric cable, a 15-foot grain auger, and a 12-foot culvert, all of which were alleged to have a total aggregate value in excess of $1,000. As to the identity fraud and forgery charges, the bill of particulars alleged Gray provided police with his brother's name and social security number after being pulled over for a traffic violation. Gray then signed his brother's name on the traffic citation.

{¶ 4} The matter proceeded to a two-day jury trial that concluded on December 19, 2014. At trial, the jury heard testimony from both Skinner and Beckelhymer, among others. Specifically, Skinner testified that the value of the stolen property involved was approximately $2,100 to $2,200, which included the replacement value of the approximately 350 fence posts at $1,400 to $1,575. The trial court also admitted, without any objection, the written statement of Gray's brother, Nathan Gray, which he provided to police. As part of his written statement, Gray's brother explicitly stated that Gray had used his name and identity in the past, that he "just want[s] it to stop," and that he felt like he was a victim of forgery.

{¶ 5} Once both parties rested, the jury returned its verdict finding Gray guilty on all charges. The trial court then sentenced Gray to serve a total aggregate sentence of 22 months in prison and ordered him to pay restitution to Skinner in the amount of $1,000. Gray now appeals from his conviction, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} APPELLANT'S CONVICTIONS FOR FELONY THEFT AND FELONY

RECEIVING STOLEN PROPERTY WERE CONTRARY TO LAW BECAUSE IT WAS NOT PROVEN BEYOND A REASONABLE DOUBT THAT THE VALUE OF THE STOLEN ITEMS WAS ONE THOUSAND DOLLARS OR MORE.

{¶ 8} In his first assignment of error, Gray argues the state provided insufficient evidence to support his fifth-degree felony convictions for receiving stolen property and theft because the evidence did not establish the aggregate value of the property involved was $1,000 or more. We disagree.

{¶ 9} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Hoskins*, 12th Dist. Warren No. CA2013-02-013, 2013-Ohio-3580, ¶ 16, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 52. The relevant inquiry is "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Smith*, 12th Dist. Warren Nos. CA2012-02-017 and CA2012-02-018, 2012-Ohio-4644, ¶ 25, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. When evaluating the sufficiency of the evidence, this court defers to the trier of fact regarding questions of credibility. *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 132.

{¶ 10} As noted above, Gray was convicted of receiving stolen property in violation of

R.C. 2913.51(A) and theft in violation of R.C. 2913.02(A)(1). As relevant here, R.C. 2913.51(C) elevates a receiving stolen property charge to a fifth-degree felony when "the value of the property involved is one thousand dollars or more and is less than seven thousand five hundred dollars." Similarly, R.C. 2913.02(B)(2) elevates theft to a fifth-degree felony when the "value of the property * * * stolen is one thousand dollars or more and is less than seven thousand five hundred dollars."

{¶ 11} Pursuant to R.C. 2913.61(B), if more than one piece of property is involved in a theft offense, such as the case here, the value of the property "is the aggregate value of all property or services involved in the offense." As provided by R.C. 2913.61(D), the following criteria shall be used in determining the value of property involved in a theft offense:

> (1) The value of an heirloom, memento, collector's item, antique, museum piece, manuscript, document, record, or other thing that has intrinsic worth to its owner and that either is irreplaceable or is replaceable only on the expenditure of substantial time, effort, or money, is the amount that would compensate the owner for its loss.
>
> (2) The value of personal effects and household goods, and of materials, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or avocation of its owner, which property is not covered under division (D)(1) of this section and which retains substantial utility for its purpose regardless of its age or condition, is the cost of replacing the property with new property of like kind and quality.
>
> (3) The value of any real or personal property that is not covered under division (D)(1) or (2) of this section, and the value of services, is the fair market value of the property or services. As used in this section, "fair market value" is the money consideration that a buyer would give and a seller would accept for property or services, assuming that the buyer is willing to buy and the seller is willing to sell, that both are fully informed as to all facts material to the transaction, and that neither is under any compulsion to act.

{¶ 12} Gray argues his fifth-degree felony convictions for receiving stolen property and theft must be reversed because the state "never presented any credible evidence of the

value of Mr. Skinner's property, other than his own testimony." However, Gray has cited no authority to support his contention that a victim's testimony is insufficient to prove the value of the stolen property involved in order to elevate these crimes to fifth-degree felonies. Rather, after a simple review of the applicable case law, Ohio courts have actually held the exact opposite to be true. *See State v. Bartolomeo*, 10th Dist. Franklin No. 08AP-969, 2009-Ohio-3086, ¶ 25, citing *State v. Lockhart*, 115 Ohio App.3d 370, 374 (8th Dist.1996) (holding victim's testimony was sufficient to prove value of stolen property for purposes of theft charge). This includes a number of cases from this very court on this very same issue. *See, e.g., State v. Noble*, 12th Dist. Warren No. CA2014-06-080, 2015-Ohio-652, ¶ 22 (finding victim's testimony regarding the value of property stolen was sufficient to elevate theft offense to a fifth-degree felony); *State v. Penwell*, 12th Dist. Fayette No. CA2010-08-019, 2011-Ohio-2100, ¶ 67-69 (finding victim's testimony as to the replacement value of stolen property was sufficient to elevate receiving stolen property offense to a fifth-degree felony).

{¶ 13} As noted above, Skinner testified the value of the stolen property involved was approximately $2,100 to $2,200, which included the replacement value of approximately 350 fence posts at $1,400 to $1,575. Skinner's testimony, if believed, was sufficient to support the jury's finding the aggregate value of the stolen property involved was $1,000 or more, thereby elevating Gray's convictions for receiving stolen property and theft to fifth-degree felonies. Therefore, although presented with some inconsistencies, when viewing the evidence in a light most favorable to the state, any rational trier of fact could have found beyond a reasonable doubt that the aggregate value of the stolen property involved was $1,000 or more. Accordingly, Gray's first assignment of error is without merit and overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} APPELLANT'S CONVICTION ON IDENTITY FRAUD AND FORGERY WERE IMPROPER UNDER THE CIRCUMSTANCES OF THIS CASE.

{¶ 16} In his second assignment of error, Gray argues the state provided insufficient evidence to support his identity fraud and forgery convictions because the state failed to prove he "did not have the express or implied consent of his brother, Nathan Gray, when he provided his brother's name and social security number during a traffic stop, and signed his brother's name to the traffic citation." However, although Gray's brother did not testify at trial, the trial court admitted a written statement he provided to police, wherein Gray's brother explicitly stated Gray used his name and identity in the past, that he "just want[s] it to stop," and that he felt like he was a victim of forgery. This evidence, which was admitted without objection, was more than sufficient to prove Gray did not have either express or implied consent to use his brother's name and identity when stopped by police. Gray's second assignment of error is therefore likewise without merit and overruled.

{¶ 17} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.