[Cite as *State v. Chudzinski*, 2018-Ohio-39.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-17-009

　　　　Appellee                              Trial Court No. 16CR057

v.

Corby L. Chudzinski                        **DECISION AND JUDGMENT**

　　　　Appellant                            Decided:  January 5, 2018

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and Barbara
Galle Rivas, Assistant Prosecuting Attorney, for appellee.

Kristopher K. Hill and Thomas J. DeBacco, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Corby Chudzinski, appeals the judgment of the Ottawa County

Court of Common Pleas, following a jury trial, convicting him of burglary in violation of

R.C. 2911.12(A)(3), a felony of the third degree, and theft from an elderly person in

violation of R.C. 2913.02(A)(1) and (B)(3), a felony of the second degree, and sentencing him to serve six years in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} Based upon events that occurred on or around February 12-15, 2016, the Ottawa County Grand Jury indicted appellant on the counts of burglary and theft from an elderly person. Appellant entered an initial plea of not guilty. Thereafter, a plea deal was offered to appellant, which he rejected. The matter then proceeded to a jury trial.

{¶ 3} At the trial, the testimony revealed that a couple of years earlier, appellant had been employed to paint the victim's house. The victim is a 76-year-old widower. The victim took interest in appellant because he was from the same town as her late husband, and they established a relationship where the victim provided appellant with some of her late husband's clothing. The victim then did not see appellant again for approximately one year, until she saw him in the alley next to her house. The victim testified that appellant had a woman with him, and he explained that he was showing the woman the house that he had painted the prior year. Several months later, on February 1, 2016, the victim contacted appellant and offered him several pairs of pants, which appellant accepted. On Friday, February 12, 2016, the victim again contacted appellant and offered him more clothes. That afternoon, appellant met the victim at her place of employment, and took the clothes and put them in his stepfather's truck.

{¶ 4} The victim testified that when she returned home on February 12, 2016, she noticed that the back door was not locked or shut. The victim testified that she did not

2.

think anything of the unsecured door because nothing in her house was disturbed. However, on Monday, February 15, 2016, the victim noticed for the first time that her jewelry bag was missing. When she realized that it was missing, she recalled that she had left the bag open on her bed on February 12, 2016, and it was gone when she returned home that day. She described the bag as a black satchel, and testified that it contained a number of diamonds and other jewelry, including a presidential Rolex watch. She testified that the missing jewelry conservatively had a value of $130,000.

{¶ 5} Appellant's stepfather also testified for the state. He testified that on February 12, 2016, appellant contacted him and asked him for a ride to go pick up some clothing. Appellant then directed his stepfather to the victim's house. Once at the house, appellant's stepfather waited in the truck while appellant went around the back of the house. After about ten minutes, appellant returned carrying a small black or dark blue bag, which appellant's stepfather had not noticed when appellant initially left the truck. Appellant threw the bag behind the seat in the truck, and then they drove to pick up the clothes. Appellant's stepfather had no knowledge of the contents of the bag.

{¶ 6} Finally, the state played a recording of an interview appellant had with the police. The detective testified that there were several inconsistencies in appellant's various statements, and that appellant's story went from never being at the victim's residence, to stopping by the residence to look at the fence. During this interview, appellant claimed to have been carrying a sweatshirt when he returned to the truck. In a subsequent voicemail left for the detective shortly after the initial interview, appellant

3.

claimed to have had a fanny pack when he returned to the truck. A week later, appellant informed the detective that he was carrying a black dope bag in which he kept his drug paraphernalia, and that he had gone behind the victim's house to do drugs.

{¶ 7} Upon hearing the testimony and receiving the evidence, the jury retired to deliberate. The next morning, the jury returned to continue their deliberations. However one of the jurors was unavailable due to a family medical emergency, so the second alternate was called upon, and the trial court instructed the jury that they must begin their deliberations anew. Notably, the first alternate had already been placed on the jury after the first day of testimony when one of the jurors informed the court that he would be unable to continue with his service. Neither party objected to either the first or the second juror substitutions. Ultimately, the jury returned with a verdict finding appellant guilty of both counts in the indictment.

{¶ 8} Following the jury's verdict, but before sentencing, appellant moved for a new trial pursuant to Crim.R. 33. Submitted with his motion, appellant included an affidavit in which he testified that he was promised by his defense counsel during plea negotiations that counsel would "win this case." Appellant stated that because of counsel's promise, he did not consider the plea deal that was offered by the state. Thus, appellant argued that he should be entitled to a new trial because he received ineffective assistance of counsel. In addition, appellant also argued that a new trial was warranted because of numerous irregularities in the proceedings, including the lack of competent evidence as to the value of the jewelry, the fact that a juror was allowed to leave after

4.

deliberations began, the fact that phone recordings from the police department were not turned over in a timely manner in discovery, and the fact that a continuance was not granted when new evidence was revealed on the day of trial.

{¶ 9} On February 23 and 24, 2017, the trial court held a hearing on appellant's motion for a new trial. At the hearing, appellant testified that his former defense counsel did not inform him of the terms of the plea deal. Instead, counsel stated that on a scale of 1 to 10, with 10 being very confident in winning the case, counsel was at a 10-plus, stating three times that she "would win this case." Appellant's former defense counsel also testified at the hearing. She testified that she did, in fact, explain the terms of the plea deal to appellant, and she denied ever guaranteeing a result or promising him that she "would win the case."

{¶ 10} Thereafter, the trial court denied appellant's motion for a new trial, and proceeded immediately to sentencing. The trial court imposed a sentence of 30 months in prison on the count of burglary, and six years in prison on the count of theft from the elderly. The trial court further ordered those sentences to be served concurrently for a total prison term of six years. In addition, the trial court later ordered appellant to pay restitution to the victim in the amount of $141,442.55.

## II. Assignments of Error

{¶ 11} Appellant has timely appealed, and now asserts three assignments of error for our review:

I.  Counsel provided ineffective assistance in guaranteeing Appellant a particular outcome.  Counsel was ineffective in assuring Appellant that she would win the case.

II.  The Trial Court erred when it denied the Motion for a New Trial.

III.  The Trial Court erred in submitting to the jury evidence of value of the jewelry without any expert testimony.

### III.  Analysis

{¶ 12} Because appellant's claim for ineffective assistance of counsel under his first assignment of error relies entirely on evidence produced in support of his motion for a new trial, we will address his first and second assignments of error together.

{¶ 13} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion."  *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus.  An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} Relevant here, Crim.R. 33(A) provides,

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

6.

(1)  Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

\* \* \*

(4)  That the verdict is not sustained by sufficient evidence or is contrary to law.

{¶ 15} Appellant foremost argues that he is entitled to a new trial because he received ineffective assistance of counsel relative to the plea offer.  *See State v. McMahan*, 8th Dist. Cuyahoga No. 82753, 2004-Ohio-229, ¶ 15 ("Ineffective assistance of trial counsel may be raised as a ground for a new trial under Crim.R. 33(A)(1) 'irregularity in the proceedings \* \* \* because of which the defendant was prevented from having a fair trial.'").  To demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  That is, he must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different.  *Id.* at 687-688, 694.

{¶ 16} Here, the trial court found that appellant had not demonstrated that counsel's performance fell below an objective standard of reasonableness.  The court commented that appellant said that defense counsel made those promises, and defense counsel said that she did not.  Thus, the court, being familiar with the trial and the other

7.

facts and circumstances of the case, found that there was not sufficient proof to warrant granting the motion for new trial.

{¶ 17} Upon review, we find that the trial court's decision was reasonable. Further, we note that the trial court was in the best position to assess the credibility of appellant and defense counsel. Therefore, we hold that the trial court's decision to deny appellant's motion for a new trial based on ineffective assistance of counsel was not an abuse of discretion.

{¶ 18} Alternatively, appellant summarily argues that his motion for a new trial should have been granted for other reasons. Specifically, he lists that a juror was allowed to leave after deliberations had begun, phone recordings were not turned over in a timely manner, security footage was not turned over, and a continuance was not granted to allow defense counsel to review new evidence revealed on the day of trial.[1] We will briefly address each of these arguments in turn.

{¶ 19} First, as to the discharged juror, we note that appellant did not object to the use of the alternate juror. Moreover, in placing the alternate on the jury, the trial court complied with Crim.R. 24(G)(1), which provides, "If an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew." Thus, this argument in support of appellant's motion for a new trial is without merit.

---

[1] Notably, in support of his motion for a new trial, appellant also raises the argument that his conviction was based on insufficient evidence in regards to the value of the stolen property. Appellant presents this same argument in his third assignment of error, which we will consider shortly.

8.

**{¶ 20}** Second, as to the phone recordings, the transcript reveals that the recordings were just attempts between appellant and the detective to schedule a time to meet, and did not contain any material information. The record also reveals that defense counsel was able to review those recordings before opening statements, was satisfied with the contents, and stated that she did not need additional time before proceeding. Thus, this argument in support of appellant's motion for a new trial is without merit.

**{¶ 21}** Third, as to the security footage, appellant does not make any argument or provide any explanation what the footage shows or how it is relevant to his defense. Thus, this argument in support of appellant's motion for a new trial is without merit.

**{¶ 22}** Finally, as to the continuance, as stated above, the record establishes that counsel did not request a continuance once she received the additional voicemail recordings. Thus, this argument in support of appellant's motion for a new trial is without merit.

**{¶ 23}** Therefore, because appellant has failed to establish any viable grounds in support of his motion for a new trial, we hold that the trial court did not abuse its discretion in denying the motion.

**{¶ 24}** Accordingly, appellant's first and second assignments of error are not well-taken.

**{¶ 25}** In his third assignment of error, appellant argues that there was insufficient evidence to support the jury's finding as to the value of the jewelry, which enhanced the offense to a second degree felony under R.C. 2913.02(B)(3). Specifically, appellant

9.

contends that it was error to allow the victim to testify to the value of the jewelry; rather, expert testimony on the subject was required.

{¶ 26} However, Ohio courts have routinely found that a victim's testimony is sufficient to establish the value of stolen property. *See, e.g., State v. Milem*, 2d Dist. Clark No. 2015-CA-65, 2016-Ohio-1096, ¶ 27 (victim's testimony established that trailer was worth greater than $1,000); *State v. Gray*, 12th Dist. Brown No. CA2015-01-004, 2015-Ohio-3174, ¶ 12-13 (victim's testimony was sufficient to establish the value of the stolen property was approximately $2,100 to $2,200); *State v. Bartolomeo*, 10th Dist. Franklin Nos. 08AP-969, 08AP-970, 2009-Ohio-3086 (victim's testimony established that cell phone was valued at $499, and the cell phone case was valued at $60). Therefore, we likewise hold that the victim's testimony as to the value of her extensive collection of jewelry was sufficient to support the jury's finding that the value of the stolen property was greater than $37,500, but less than $150,000.

{¶ 27} Accordingly, appellant's third assignment of error is not well-taken.

### IV. Conclusion

{¶ 28} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.   _____
          JUDGE
Thomas J. Osowik, J.

        _____
Christine E. Mayle, P.J.    JUDGE
CONCUR.

        _____
          JUDGE

11.