[Cite as *State v. Waltz*, 2025-Ohio-790.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANDREW JAMES WALTZ,

    DEFENDANT-APPELLANT.

CASE NO. 14-24-32

O P I N I O N

Appeal from Union County Common Pleas Court
Trial Court No. 24-CR-0003

**Judgment Affirmed**

Date of Decision: March 10, 2025

APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew M. Bigler* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Andrew James Waltz ("Waltz") appeals the judgment of the Union County Court of Common Pleas, arguing that the trial court imposed a sentence that was contrary to law. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On December 29, 2023, law enforcement received a report that Waltz had left a trailer in the driveway of an area residence. The trailer was found to have been stolen from a Rural King in Norwalk, Ohio. The trailer also contained twenty-seven stable mats that had been stolen from Rural King. The police also discovered that the license plate on the trailer had been stolen from the Tractor Supply Company.

{¶3} On January 9, 2024, Waltz was indicted on two counts of receiving stolen property in violation of R.C. 2913.51(A), fifth-degree felonies, and one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony. The first charge in the indictment arose from the twenty-seven rubber stable mats that had been stolen from Rural King.

{¶4} On March 27, 2024, Waltz pled guilty to two counts of receiving stolen property in violation of R.C. 2913.51(A), fifth-degree felonies. The remaining charge was dismissed pursuant to a plea agreement. On May 15, 2024, Waltz

appeared for sentencing. The trial court imposed prison terms of ten months for each of Waltz's convictions to be served consecutively. The trial court also ordered Waltz to make restitution to Rural King in the amount of $710.04. On May 15, 2024, the trial court issued its judgment entry of sentencing.

*Assignment of Error*

**{¶5}** Waltz filed his notice of appeal on July 29, 2024. On appeal, he raises the following assignment of error:

> **The trial court erred when it sentenced appellant to ten months on Count I, receiving stolen property.**

*Standard of Review*

**{¶6}** "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 2024-Ohio-625, ¶ 6 (3d Dist.). "Under this provision, an appellate court has the authority to increase, reduce, modify, or vacate a sentence if it clearly and convincingly finds that the sentence is contrary to law." *State v. Manns*, 2024-Ohio-4632, ¶ 6 (3d Dist.). "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Further, the Ohio Supreme Court has held that "contrary to law" means "in violation of statute or legal regulations at a given time." *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting Black's Law Dictionary (6th Ed. 1990).

*Legal Standard*

**{¶7}** "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). "By entering a guilty plea, one waives the requirement that the State prove guilt beyond a reasonable doubt." *State v. Stroub*, 2011-Ohio-169, ¶ 6 (3d Dist.), quoting Crim.R. 11(C)(2)(c). Accordingly, a "guilty plea 'waives [a defendant's] right to present manifest-weight-of-the-evidence or sufficiency-of-the-evidence attacks against his convictions.'" (Brackets sic.) *State v. Grate*, 2020-Ohio-5584, ¶ 111, quoting *State v. Dalton*, 2012-Ohio-3386, ¶ 7 (2d Dist.).

*Legal Analysis*

**{¶8}** On appeal, Waltz points out that an offender must "receive, retain, or dispose of property" that has a value of $1,000.00 or more but less than $7,500.00 in order for the offense of receiving stolen property to constitute a fifth-degree felony. R.C. 2913.51(A), (C). If the value is less than $1,000.00, this offense generally constitutes a first-degree misdemeanor. *Id*. In this case, Rural King, as the victim of the first count of receiving stolen property, submitted a request for restitution in the amount of $710.04.

**{¶9}** Since the amount of requested restitution was less than $1,000.00, Waltz argues that the evidence presented by the State at the sentencing hearing fails to establish that he committed the identified offense as a fifth-degree felony. For this reason, he contends that his prison term for the first count in the indictment is

outside of the statutorily authorized range because he should have been sentenced for a first-degree misdemeanor instead of a fifth-degree felony.

**{¶10}** However, by entering pleas of guilty, Waltz waived his right to require the State to produce evidence that proved his guilt beyond a reasonable doubt. *State v. Stroub*, 2011-Ohio-169, ¶ 6. As a result, he has also waived his right to raise a sufficiency-of-the-evidence challenge on appeal. *Grate*, 2020-Ohio-5584, ¶ 111. *See State v. Gray,* 2015-Ohio-3174, ¶ 8-9 (12th Dist.) (applying the sufficiency-of-the-evidence standard to an argument that alleged the State had failed to establish the value of the property). *See also State v. Sines-Riley*, 2024-Ohio-2860, ¶ 19 (4th Dist.); *State v. Darazim*, 2014-Ohio-5304, ¶ 28-29 (10th Dist.).

**{¶11}** Further, we also note that the trial court ordered a presentence investigation report be prepared for Waltz. This report indicated that the twenty-seven stolen mats had a value of $1,080.00. In this case, the stolen property was recovered but had sustained damage. Thus, the $710.04 of restitution that was requested did not represent the value of the stolen property but instead represented the economic loss incurred from the costs of recovering and repairing the property stolen from Rural King.

**{¶12}** In conclusion, Waltz has failed to establish that the trial court erred in imposing a sentence from the range of penalties that are statutorily authorized for fifth-degree felonies. The record establishes that Waltz pled guilty to a fifth-degree felony and received a penalty for a fifth-degree felony. *State v. Saunders*, 2023-

Ohio-4610, ¶ 8 (3d Dist.) ("A trial court has full discretion to impose any sentence within the statutory range."). Since Waltz has failed to establish that his sentence is clearly and convincingly contrary to law, his sole assignment of error is overruled.

*Conclusion*

**{¶13}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**