[Cite as *State v. Williams*, 2025-Ohio-5077.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-25-00034

    Appellee                                 Trial Court No.  CR-24-2362

v.

Tyler Williams                                 **DECISION AND JUDGMENT**

    Appellant                                Decided: November 7, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Laurel Kendall, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Tyler Williams, appeals the January 29, 2025 judgment of the Lucas County Court of Common Pleas, convicting him of involuntary manslaughter and discharge of a firearm on a prohibited premises, and accompanying firearm specifications.  For the following reasons, we affirm the trial court judgment.

**I. Background**

{¶ 2} On September 19, 2024, Tyler Williams was indicted on charges of aggravated murder, a violation of R.C. 2903.01(A) and (G) (Count 1); murder, a violation of R.C. 2903.02(B) and 2929.02 (Count 2); felonious assault, a violation of R.C. 2903.11(A)(2) and (D), a second-degree felony (Count 3); and discharge of a firearm on

or near a prohibited premises, a violation of R.C. 2923.162(A)(3) and (C)(4), a first-degree felony (Count 4). All counts carried with them three-year firearm specifications under R.C. 2945.145(A).

{¶ 3} Williams entered a plea of guilty to a lesser included offense of Count 2, involuntary manslaughter, a violation of R.C. 2903.04(A) and (C), a first-degree felony; Count 4; and the firearm specifications that accompanied Counts 2 and 4. As part of his plea agreement, Williams and the State jointly recommended "a prison sentence of 20 years (not including the indefinite tail) to be served in totality without early release, and consecutive to his sentence in CR21-3047, for a total minimum stated prison term of 30 years."

{¶ 4} Consistent with this joint recommendation, on Count 2, the trial court sentenced Williams to a minimum stated prison term of ten and years and a maximum stated prison term of 15 years. As to Count 4, it imposed a minimum stated prison term of seven years and a maximum stated prison term of ten years and six months. The three-year firearm specifications attached to both offenses were ordered to be served concurrently to one another, but consecutively to the terms imposed for Counts 2 and 4, which were also ordered to be served consecutively to one another. The court also ordered Williams's sentence to be served consecutively to the sentence imposed in Lucas County case No. CR0202103047.

{¶ 5} Williams appealed. He assigns the following error for our review:

> The trial court committed plain error, or in the alternative, abused its discretion, when it accepted a plea to involuntary manslaughter without

2.

establishing the predicate offense necessary to classify the level of felony associated with the offense.

## II. Law and Analysis

{¶ 6} Williams entered a plea of guilty to involuntary manslaughter under R.C. 2903.04(A). R.C. 2903.04(A) provides that "[n]o person shall cause the death of another . . . as a proximate result of the offender's committing or attempting to commit a felony." Williams argues that the trial court erred in accepting his plea to involuntary manslaughter because the predicate offense making the offense a first-degree felony was not specified on the record. He claims that because the predicate offense was not specified, there is a question of fact whether he understood the nature of the charges and whether Count 4 was the predicate felony or simply a related second offense.

{¶ 7} The State responds that a plea of guilty is a complete admission of the defendant's guilt, and the State is not required to set forth a factual basis supporting the guilty plea. It insists that the guilty plea itself provides all the necessary proof of the elements of the offense, and here, during the plea colloquy, Williams completely acknowledged his guilt as to all elements of both offenses. As such, the State urges, Williams's plea of guilty to involuntary manslaughter under R.C. 2903.04(A) constituted a complete admission that he committed the underlying felony.

{¶ 8} A plea of guilty is a complete admission of the defendant's guilt. Crim.R. 11(B)(1). When a person enters a guilty plea, he waives the right to require the state to prove his guilt beyond a reasonable doubt at a trial. Crim.R. 11(C)(2)(c). "The guilty plea itself provides all the necessary proof of the elements of the offense and is sufficient

3.

evidence to support the conviction." *State v. Stroub*, 2011-Ohio-169, ¶ 6 (3d Dist.), citing *State v. Fuller,* 2009-Ohio-5068, ¶ 105 (12th Dist.).

{¶ 9} In *State v. Fenderson*, 2023-Ohio-2903 (6th Dist.), we held that a plea of guilty to involuntary manslaughter under R.C. 2903.04(A) constitutes an admission to all elements of that offense, including that the defendant committed an underlying felony that proximately caused the victim's death. Because Williams admitted the elements of the offense when he entered his plea, the state was not required to prove that Williams committed a felony that proximately caused the victim's death, the court was not required to make a finding that Williams committed the underlying felony, and the underlying felony was not required to be identified in any way at the plea hearing.

{¶ 10} In any event, the indictment specifies that the underlying felony was felonious assault. "A plea of guilty is generally regarded as an admission of every material fact well-pleaded in the indictment[.]" *State v. Drzayich*, 2016-Ohio-1398, ¶ 12 (6th Dist.). As such, when Williams entered a plea to the lesser included offense of Count 2, he admitted that he committed the predicate felony identified in Count 2.

{¶ 11} We find Williams's assignment of error not well-taken.

### III. Conclusion

{¶ 12} Williams's plea of guilty was an admission to all elements of the offense of involuntary manslaughter under R.C. 2903.04(A), including the underlying felony identified in the indictment. The state was not required to prove that Williams committed an underlying felony, the court was not required to make a finding that Williams committed the underlying felony, and the underlying felony was not required to be

4.

identified at the plea hearing.  We affirm the January 29, 2025 judgment of the Lucas County Court of Common Pleas.  Williams is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.